United States District Court
District of Rhode Island

# ALTERNATIVE DISPUTE RESOLUTION PLAN

*(Amended March 1, 2006)*

**"DISCOURAGE LITIGATION, PERSUADE YOUR NEIGHBOR TO COMPROMISE WHENEVER YOU CAN. POINT OUT TO THEM HOW THE NOMINAL WINNER IS OFTEN A REAL LOSER-IN FEES, EXPENSES, AND WASTE OF TIME"**

***-Abraham Lincoln-***
***1850***

**Amended**
# ALTERNATIVE DISPUTE RESOLUTION PLAN
***United States District Court for the District of Rhode Island***

***Table of Contents***


**I. Introduction** ....................3

**II. Access to Information** ....................3

**III. Cases Subject to ADR** ....................3

**IV. Definitions** ....................3
- A. Arbitration
- B. Magistrate Judge Settlement Conference
- C. Mediation
- D. Settlement Authority

**V. ADR Administrator** ....................4

**VI. Panel of Neutrals** ....................4
- A. Appointment to the Panel
- B. Qualifications and Training
- C. Compensation
- D. Complaints, Reviews, and Appeals ....................5
- E. Conflict of Interest ....................6

**VII. The Process** ....................6
- A. Rules Governing the ADR Process ....................6
- B. Scheduling ADR Conferences
- C. Time Frame for ADR Settlement Efforts
- D. Location of ADR Conferences
- E. Duty to Attend and Participate

**VIII. Confidentiality in ADR Proceedings** ....................7

**IX. Confidentiality in ADR Communications** ....................7

**X. ADR Options** ....................7

Mediation ....................7-8
Arbitration ....................8-13

## I. INTRODUCTION

The Alternative Dispute Resolution Act of 1998 requires that each district court authorize the use of Alternative Dispute Resolution ("ADR") in all civil actions, including adversary proceedings in bankruptcy. The United States District Court for the District of Rhode Island provides this manual as an overview of the Court's ADR Program. The program seeks to encourage mutually satisfactory resolution of disputes in the early stages of litigation. Such early case resolution is likely to make more efficient use of judicial and private resources.

## II. ACCESS TO INFORMATION

Prior to the Rule 16 (b) Conference, the Court will include with the Notice and Order mailed to the parties, a brief summary of essential ADR information. Copies of the Plan are available upon written request to the ADR Administrator: 2 Exchange Terrace, Providence, RI 02903, and can also be found on the Court's website at www.rid.uscourts.gov.

## III. CASES SUBJECT TO ADR

All civil cases filed in this district except bankruptcy appeals, prisoner matters, and social security appeals are eligible for referral to ADR. Voluntary ADR options are available. If parties do not select a voluntary option, they are referred to a Magistrate Judge Settlement Conference.

## IV. DEFINITIONS

A. "***Arbitration***" is a non-binding, adjudicative process in which a neutral decides the rights and obligations of parties and imposes an appropriate remedy in the form of an award. (Where parties mutually consent, parties may opt to have their dispute resolved through "binding arbitration.")

B. "***Magistrate Judge Settlement Conference***" is a non-binding settlement process involving a Magistrate Judge, who works with the parties and their counsel to identify issues, promotes settlement dialogue and, if possible, resolves the dispute in a mutually acceptable way.

C. "***Mediation***" is a voluntary, non-binding dispute resolution method involving a neutral third party who tries to help the disputing parties reach a mutually agreeable solution.

D. "***Settlement Authority***" as used in this Plan means the individual with control of the full financial settlement resources involved in the case, including insurance and the full financial authority and ability to agree to a binding settlement agreement.

## V. ADR ADMINISTRATOR

The ADR Administrator (the "Administrator") is appointed by the Chief Judge of the District Court and, while attached administratively to the Clerk's Office, reports directly to the Chief Judge. The Administrator possesses a full range of authority and responsibility to implement and direct the program options. In addition to directing and managing the court's ADR program, the Administrator also serves as a staff neutral, providing services as an arbitrator and mediator.

## VI. PANEL OF NEUTRALS

The Court has established a panel of neutrals (the "Panel") comprised of individuals whose education, experience, training, and character qualifies them to act as neutrals in one or more of the ADR options implemented by the Court.

### A. Appointment to the Panel

The Panel consists of persons appointed by the Chief Judge in consultation with the other district judges. Panel members may continue their appointment subject to demonstration of continued ADR education and the absence of any substantive change to the original application of the Panel member that would subject them to disqualification.

### B. Qualifications and Training

Panel members are lawyers who have been admitted to the practice of law for at least ten years and who are currently members of the bar of the United States District Court for the District of Rhode Island. The panel also includes non-lawyers who possess special or unique expertise in particular fields and/or have substantial experience or training in one of the dispute resolution options, and are certified for inclusion on the Panel by the Court.

All persons selected as Panel members have undergone dispute resolution training prescribed by the Court, taken the oath set forth in 28 U.S.C. 453, and have agreed to follow the guidelines for the various options established by the Court.

### C. Compensation

Magistrate judges presiding over settlement conferences and the Administrator serving in the capacity of arbitrator or mediator serve without compensation. Persons, other than the aforementioned, serving as neutrals receive no compensation for the first hour of their service. Thereafter, the parties are equally responsible for the neutral's compensation at a rate agreed to by the parties, but not to exceed $200 per hour.

D. Complaints, Reviews, and Appeals

1. Filing Complaints

Any participant in ADR who is dissatisfied with an aspect of the process, including the conduct of an ADR provider (other than a Magistrate Judge) or another participant, may file a written complaint with the Administrator. The complaint may be in the form of a letter and should include the name and docket number of the case, the names of the parties, counsel and ADR provider, the date(s) of the ADR proceeding, and the reason for the complaint. The Administrator shall keep a record of all complaints filed. Any participant in ADR with a complaint relative to the conduct of the ADR Administrator may file such complaint in writing with the Chief Judge.

2. Response to Complaints

Complaints from participants in ADR will be reviewed and addressed promptly. The Administrator will screen any complaints received and may discuss a complaint in confidence with the person who made it and with the ADR provider or other participants. The Administrator will then consider all information available. With the exception of complaints alleging material violations of the Local Rules, the Administrator may attempt to resolve a complaint informally, and if successful, may dismiss the complaint without further action. While protecting the confidentiality of information gathered during the investigation of a complaint, the Administrator will notify the person who made the complaint about the dismissal of the complaint. Otherwise, review of a complaint will be done in accordance with the procedures detailed below.

3. Review Procedures

If the Administrator initiates a review of the conduct of a participant in ADR (counsel, party or ADR provider) for any reason, the Administrator will notify the participant of the pending review in writing. The Administrator shall collect and review all pertinent information, including interviews with or written statements from the ADR provider, parties' counsel and court personnel. On the basis of the information gathered, the Administrator will make a recommendation as to what action to take. With regard to complaints about the conduct of ADR providers, options include, but are not limited to: terminating the review without action, setting conditions or requirements for the ADR provider to meet, or suspending or removing the ADR provider from the Panel. The Administrator will pass the recommendation to the Chief Judge or designee for review and approval. The Chief Judge may elect to conduct further investigation of the matter. Upon completion of the review, the Chief Judge may affirm or modify the Administrator's recommendation, or decide on alternative action. The decision of the Chief Judge shall be final. The Administrator will notify the complainant and the participant about whom the complaint was made in writing as to the outcome of the review.

4. Removal

The Administrator, after consultation with and the approval of the district judges, may remove or suspend an ADR provider from the Panel prior to completion of the review procedure upon the Administrator's determination that it is in the best interests of the ADR program to do so.

E. Conflict of Interest

A neutral must disclose all actual or potential conflicts of interest. A neutral should not serve if he or she knows of a conflict, unless the conflict is not significant and the parties all consent; otherwise, a neutral must withdraw if a conflict is significant.

## VII. THE PROCESS

A. Rules Governing the ADR Process

ADR conference(s) shall be conducted in accordance with procedures outlined in this Plan.

B. Scheduling ADR Conferences

Upon the selected neutral receiving notice from the Administrator of his/her designation as a neutral, the neutral shall file his/her acceptance of the designation with the Clerk's Office with a copy to the Administrator, and shall promptly schedule the first meeting with the parties within 30 days, unless otherwise directed by the Court. Magistrate Judges schedule their own settlement conferences.

C. Time Frame for Conducting & Concluding ADR Settlement Efforts

At the discretion of the assigned district judge, the time frame for conducting and concluding ADR may be set forth in the Order of Referral. The deadline for concluding ADR may be extended by the Court upon good cause shown.

D. Location of ADR Conferences

Conferences may be conducted at such locations as are agreeable to the parties and the neutral assigned to the case. Space is available to conduct ADR conferences in the United States Courthouse. If the Court's facilities are desired, arrangements shall be made with the Administrator.

E. Duty to Attend and Participate

Unless expressly excused by the judicial officer or neutral assigned to the case, all parties, counsel of record, and corporate representatives or claims professionals having full Settlement Authority as defined in Section IV, shall attend all ADR conferences and participate in good faith. Failure to meet obligations under these rules may lead to disciplinary action.

## VIII. CONFIDENTIALITY IN ADR PROCEEDINGS

ADR proceedings must be conducted in a manner that encourages an informal and confidential exchange among counsel, the parties, and the ADR provider(s) to facilitate resolution of disputes. The parties and the ADR provider shall not disclose information regarding the process, including settlement terms, to the Court or to third persons unless all parties otherwise agree. Parties, counsel, and neutrals,

however, may respond to confidential inquiries or surveys by persons authorized by the Court to evaluate the ADR program. Responses provided to such inquiries or surveys shall remain confidential and shall not be identified with particular cases.

The ADR process shall be treated as a compromise negotiation for purposes of the Federal Rules of Evidence. The ADR provider is disqualified as a witness, consultant, attorney, or expert in any pending or future action relating to the specific dispute, including actions between persons not parties to the ADR process.

## IX. CONFIDENTIALITY IN ADR COMMUNICATIONS

The Clerk will file and include in the Court's record only the order referring a case to ADR and other routine ADR scheduling and proceeding notices.

Panel members must not disclose to or discuss with anyone, including the designated judge, any information relating to the ADR proceedings unless the parties specifically authorize disclosure. ADR neutrals must secure and ensure the confidentiality of ADR proceeding records. Panel members designated to serve as neutrals must keep confidential from other parties any information obtained in individual caucuses unless the party to the caucus specifically authorizes disclosure.

## X. ADR OPTIONS

### ■ MEDIATION

Upon agreement of the parties, the case may be mediated. Parties shall make known their desire to pursue mediation by informing the ADR Administrator or the Court at the time of the Rule 16 Conference.

Within 10 days after having elected to pursue mediation the parties must arrange to confer with the Court's ADR Administrator in order to select a mediator to assist the parties in the resolution of the case. The parties must select from the Court's list of approved mediators (unless the court permits otherwise).

Upon selecting a mediator and having advised the ADR Administrator of the same, the Administrator shall file with the Court, the name of the mediator. If the parties are unable to reach agreement on the selection of a mediator, the ADR Administrator shall select a person from the list whose experience and qualifications are well suited to the appointment and the needs of the parties.

1. <u>Preliminaries to Mediation</u>

(A) Promptly after accepting the appointment, the mediator shall schedule the mediation session. The mediator shall send written notice to all parties, with a copy to the ADR Administrator, of the date, time and location of the session. The mediation session shall be held within sixty (60) days of the mediator's acceptance unless extended by the Court for good cause. A request for postponement of a scheduled mediation session

must be presented to the mediator and served upon the ADR Administrator without delay.

(B) The parties may be required to submit to the mediator a written, confidential summary of the case. **The written summaries shall not be filed with, nor revealed to the Court.**

2. Procedures at the Mediation Session

Mediators are not bound to any particular procedure to effectuate settlement. The mediator may find it useful to meet separately with the parties in a caucus. Disclosures to the mediator in a caucus shall be treated confidentially unless the parties give permission to the mediator to use the disclosed information with the other party or parties. No transcripts or recordings shall be made of the proceedings.

The mediator may determine, with the consent of the parties, or by leave of the court when it is the court's practice to require such leave, that one or more additional mediation sessions would assist in the settlement of the case, and, if so, schedule another session.

The mediator shall report to the ADR Administrator only whether the case settled or not.

■ **ARBITRATION**

1. Actions Subject to Arbitration

A. Notwithstanding any provision of law to the contrary and except as provided in subsections (a), (b), and (c) of 28 U.S.C. § 652 and subsection (d) of 28 U.S.C. § 654, this Court may allow the referral to arbitration of any civil action (including any adversary proceeding in bankruptcy) pending before it when the parties consent, except that referral to arbitration shall not be allowed when:

> (1) the action is based on an alleged violation of a right secured by the Constitution of the United States; (2) jurisdiction is based in whole or in part on section 28 U.S.C. §1343 ; or (3) the relief sought consists of money damages in an amount greater than $150,000 ( the Court may presume damages are not in excess of $150,000 unless counsel certifies that damages exceed such amount).

When parties select arbitration as the means by which they wish to attempt to resolve their case, they shall be deemed to have consented to the procedures that follow.[1]

---

[1] These rules are an adaptation of rules employed by the American Arbitration Association in cases where a court orders, directs, or refers a matter to the American Arbitration Association (hereinafter "AAA"). The rules have been modified and adapted for use by this court.

**Arbitrators**

A. Selection.

The court develops and maintains by and through its ADR Administrator a list of qualified arbitrators. The list of arbitrators is located on the court's website (www.rid.uscourts.gov). The list can also be obtained by making a written request to the ADR Administrator at 2 Exchange Terrace, Providence, RI 02903.

1. **Prior to the Rule 16 Conference.** If the parties express an interest in pursuing Arbitration prior to the Rule 16 Conference, the parties may by mutual agreement select an arbitrator from the list of approved arbitrators. If the parties wish to pursue arbitration but are unable to reach agreement on the selection of an arbitrator, the ADR Administrator will select an arbitrator that is qualified to serve.

2. **Following the Rule 16 Conference.** Where the parties have indicated to the court at the time of the Rule 16 Conference that they wish to pursue arbitration, within ten days of the Conference, the parties shall submit the name of the arbitrator selected to the ADR Administrator. In the event that the parties fail to reach agreement on an arbitrator, the ADR Administrator will select a qualified arbitrator.

3. **Notification of Appointment.** The ADR Administrator shall promptly notify the arbitrator of his or her selection.

4. **Notification of Hearing.** When the selected arbitrator has agreed to serve, the arbitrator shall promptly send written notice to each party advising them of:

   - His/her identity as the selected arbitrator;
   - The date, time and location of the arbitration hearing (not to exceed sixty (60) days (except where extension of time is granted by leave of court) from the arbitrator's acceptance of the appointment.

B. Disclosure and Challenge Procedure

Any person appointed as an arbitrator shall disclose to the Court and the parties any circumstance likely to affect impartiality, including any bias or any financial or personal interest in the result of the reference or any past or present relationship with the parties or their representative(s). Upon objection of a party to the continued service of a chosen arbitrator, unless waived by all parties, the parties shall select a new arbitrator from the court approved list or seek approval of the court to select an arbitrator who is not court approved.

C. Fees and Expenses

Arbitrators shall be paid for their services (including but not limited to preparation, hearing and rendering of an award or decision) at the rate of $200.00 per hour, equally split between the parties. Arbitrators shall be paid promptly when they file their awards with the court. Arbitrators may be reimbursed for reasonable expenses actually and necessarily incurred in connection with arbitration hearings.

D. Timing and Filing the Award

The award shall be in writing, signed by the arbitrator and mailed to the Court, specifically, to the attention of the ADR Administrator within 10 days of the conclusion of the arbitration.

E. Form of Decision and Delivery to the Court and Parties

The arbitrator's decision shall be in writing, signed by the arbitrator and shall include findings of fact and conclusions of law. The arbitrator shall transmit the decision to both the ADR Administrator and the parties. The original decision shall be delivered to the ADR Administrator (in a envelope under seal marked confidential) who in turn shall deliver the decision to the judge's calendaring clerk. The clerk shall not docket nor open the award under seal for a period of 30 days pending a demand, if any, for trial de novo.

F. Telephone Conference/Preliminary Hearing

At the arbitrator's discretion, a telephone conference call or a preliminary hearing shall be arranged by the arbitrator for the purpose of determining the appropriate procedures, as determined by the arbitrator, for briefing of the issues involved in the dispute, exchanging documents, scheduling an oral hearing, if necessary, and any other procedures that the arbitrator deems appropriate to render a decision.

G. Date, Time, and Place of Hearing

The arbitrator shall set the date, time, and place for each oral hearing, if such a hearing is deemed necessary. The Arbitrator shall mail to each party notice thereof at least seven (7) days in advance, unless the parties by mutual agreement waive such notice or modify the terms thereof.

H. Representation

Any party may be represented by counsel or other authorized representative. A party intending to be so represented shall notify the other party and the Court of the name and address of the representative at least three (3) days prior to the date set for the hearing at which that person is first to appear. When such a representative responds for a party, notice is deemed to have been given.

I. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other party of these arrangements in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcript is agreed by the parties to be, or determined by the arbitrator to be, the official record of the proceeding, it must be made available to the arbitrator and to the other parties for inspection, at a date, time, and place determined by the arbitrator.

J. Attendance at Hearings

The arbitrator shall maintain the privacy of the hearings unless the law provides to the contrary. Any party or designated representative having a direct interest in the case is entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person.

K. Postponements

The arbitrator for good cause shown may postpone any hearing upon the request of a party or upon the arbitrator's own initiative, and shall also grant such postponement when all of the parties agree thereto. The court may direct in its sole discretion that postponement not be permitted.

L. Oaths

Before proceeding with the first hearing, the arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

M. Reference Proceedings in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitrator may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. A decision shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of the Findings or Statement of Decision.

N. Serving of Notice

Each party shall be deemed to have consented that any papers, notices or process necessary or proper for the initiation or continuation of a case under these rules; for any court action in connection therewith; or for the entry of the Findings or Decision made under these procedures may be served on a party by mail addressed to the party or its representative at the last know address or by personal service, in or outside the state where the reference is to be held, provided that reasonable opportunity to be heard with regard thereto has been granted to the party. The parties may also use facsimile

transmission, telex, telegrams or other written forms of electronic communication to give notices required by these procedures, but shall follow-up such communication with written notice served by mail.

O. Waiver of Rules

Any party who proceeds with the case after knowledge that any provision or requirement of these procedures has not been complied with and who fails to state an objection thereto in writing shall be deemed to have waived the right to object.

P. Closing of Hearing

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed and a minute thereof shall be recorded. If briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the date of closing the hearing. The time limit within which the arbitrator is require to make their Findings or Statement of Decision shall commence to run, in the absence of other agreements by the parties, upon the closing of the hearing.

Q. Arbitrator Immunity

Arbitrator's who have been selected from the Court's approved Panel to serve in a specific case are performing quasi-judicial functions and are entitled to the immunities and protections that the law accords to persons serving in such capacity.

R. Trial de Novo.

Any party may demand a trial de novo in the district court by filing with the Clerk a written demand containing a short and plain statement of the reason for the demand. The party shall serve a copy of the demand upon all counsel of record and any unrepresented party. Such demand must be filed and served within 30 days of the date of the filing of the arbitration award, except that the United States, its officers and agencies, shall have 60 days to file and serve a written demand for trial de novo.

Upon the filing of the demand for trial de novo, the action shall be treated for all purposes as if it had not been referred to arbitration, except that no additional pretrial discovery shall be permitted without leave of the court for good cause. Any right of trial by jury that a party otherwise would have, shall be preserved inviolate. Withdrawal of the demand for trial de novo shall reinstate the arbitrator's award.

The assigned judge shall not admit any evidence at the trial de novo that there has been an arbitration proceeding, the nature or amount of any award, or any other matter concerning the conduct of the arbitration proceedings, unless:

(a) The evidence would otherwise be admissible under the Federal Rules of Evidence; or

(b) The parties have stipulated otherwise.