UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

# ADMINISTRATIVE ORDER

No. 2006-01

Re: Electronic Case Filing (CM/ECF)

The Court hereby adopts the attached "Administrative Procedures for Electronic Case Filing." Effective August 1, 2006, all papers shall be filed and served electronically as required by these Administrative Procedures, unless an exemption has been granted or the Court otherwise orders. No papers shall be submitted to the Court by means of a facsimile machine.

IT IS SO ORDERED,

Ernest C. Torres
Chief Judge

Mary M. Lisi
U.S. District Judge

William E. Smith
U.S. District Judge

Ronald R. Lagueux
Senior U.S. District Judge

Date: June 22, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

## ADMINISTRATIVE PROCEDURES FOR ELECTRONIC CASE FILING

### 1. GENERAL RULES

**(a) Title and Citation.** These procedures governing electronic case filing shall be known as the "Administrative Procedures for Electronic Case Filing in the United States District Court for the District of Rhode Island." They shall be cited as "AP ___."

**(b) Effective Date.** These procedures shall take effect on August 1, 2006.

**(c) Relationship to Other Rules.** These Administrative Procedures establish procedures for the signing, filing, service, maintenance and verification of documents by electronic means. All Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, local rules and standing orders of the Court shall continue to apply to cases that are subject to electronic case filing.

**(d) Construction.** These Administrative Procedures should be construed consistently with other applicable statutes and rules to secure the just, speedy and inexpensive determination of all proceedings before this Court.

**(e) Modification.** The Court may modify these Administrative Procedures without prior notice as justice requires.

**(f) Definitions.**

"Conventionally Filed/Served" means documents presented to the Court or party in paper or other non-electronic format.

"Document" means any written matter filed by or with the Court, whether filed conventionally or electronically, including but not limited to motions, objections, pleadings, applications, petitions, notices, declarations, stipulations, affidavits, exhibits, briefs, memoranda of law and orders.

"ECF" means the Court's Electronic Case Filing System, which is an automated system that receives and stores documents in electronic form.

"Electronic Filing" or "Electronically Filed" means the transmission of a document in Portable Document Format ("PDF") for filing using the ECF system facilities.

"Filing User" means those attorneys who have a court-issued login and password to file documents electronically in this judicial district.

"Main Document" means motions, objections, replies, stipulations, waivers, notices and other pleadings, but does not include attachments or exhibits to such pleadings.

"Notice of Electronic Filing" ( NEF) means the email notice automatically generated by ECF each time a document is electronically filed.

"PDF" means Portable Document Format. This includes both "Electronically Converted PDF Documents," which are created from a word processing system (MS Word, WordPerfect, etc.) using PDF creation software and are text-searchable, and "Scanned PDF Documents," which are created from paper documents run through a scanner and can be made text-searchable.

"Megabyte" (MB) is the amount of computer storage needed to store 1,048,576 characters, which is equivalent to approximately 260 pages of an "Electronically Converted PDF Document" or 20 pages of a "Scanned PDF Document".

A "Page" from a PDF document for purposes of these procedures must be the equivalent of a "page" from a conventionally filed (paper) document which was prepared to conform with the requirements of the Local Rules of this Court.

## 2. RELIEF FROM ADMINISTRATIVE PROCEDURES; FAILURE TO COMPLY; EXEMPTIONS

**(a) Relief from Administrative Procedures.** The Court may deviate from these Procedures in specific cases, without prior notice, if deemed appropriate in the exercise of discretion, considering the need for the just, speedy and inexpensive determination of matters pending before the Court.

**(b) Relief from Failure to Comply.** The Court may excuse a failure to comply with any administrative procedure whenever justice so requires.

**(c) Attorney Exemption.** If filing electronically would create an undue hardship for an attorney, the attorney may request an exemption from the Clerk of Court and permission to file documents conventionally. The request must be made in writing, and must contain a detailed explanation of the reason(s) for the request. The Clerk may grant an exemption on such terms and conditions as are appropriate and reasonable. However, prior to requesting an exemption, attorneys are urged to participate in Court-sponsored ECF training and to seek assistance from the Clerk's Office. Information regarding ECF training and support can be obtained from the Clerk's Office and can be found on the Court's web site at: www.rid.uscourts.gov . Also, the

Clerk's Office will make a workstation available at the Courthouse to any Filing User who needs assistance with Electronic Filing. Of course, the Court may withdraw an exemption at any time during the pendency of a case and require the attorney to file documents electronically thereafter using ECF.

**(d) One-Time Exemption.** An attorney who is not a Filing User may conventionally file documents on behalf of a client in an ECF case without leave of the Court for 20 days from the filing of the first document by the attorney. However, within that 20 day period, the attorney must register as a Filing User, or seek an exemption under AP 2(c) above. The Court offers ECF training sessions as well as computer-based training modules for attorneys and their staff. Information regarding ECF training and support can be obtained from the Clerk's Office and can be found on the Court's web site at www.rid.uscourts.gov .

**(e) Attorneys in Removal Cases.** An attorney who is not a member of the bar of this Court but who is permitted to appear and practice in this Court pursuant to the provisions of LR Gen 201(b)(3) may, but is not required to, register as a Filing User and file documents electronically using ECF.

**(f) Pro Se Litigants.** All pro se litigants shall conventionally file and serve all documents in accordance with the provisions of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules of this Court.

## 3. SCOPE OF ELECTRONIC FILING

**(a) Applicability.** Except as provided in AP 2 and AP 4, all documents submitted for filing in civil and criminal cases by an attorney who has been admitted to the bar of this Court or allowed to practice before this Court, regardless of the commencement date of the action, shall be Electronically Filed in PDF format using ECF. Documents filed electronically constitute filing with the Court as defined in Fed.R.Civ.P. 5(e) and Fed.R.Crim.P. 49(d).

**(b) Privacy.** In compliance with the policy of the Judicial Conference of the United States and in order to address the privacy concerns created by Internet access to court documents, parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the Court, including exhibits thereto, **whether filed electronically or in paper**, unless otherwise ordered by the Court:

(1) MINORS' NAMES: Use of the minors' initials only;
(2) SOCIAL SECURITY NUMBERS: Use of the last four numbers only;
(3) DATES OF BIRTH: Use of the year of birth only;

(4) FINANCIAL ACCOUNT NUMBERS: Identify the type of account and the financial institution, but use only the last four numbers of the account number; and

(5) HOME ADDRESSES: Use the city and state only.

Note: It is the responsibility of each Filing User - and NOT the Clerk's Office - to review each document to determine if pleadings must be modified and are in the proper form.

**4. SPECIAL FILING REQUIREMENTS AND EXCEPTIONS.**

**(a) Civil and Miscellaneous Case Opening Documents.**

(1) Civil case opening documents, such as a complaint, petition and notice of removal, together with a summons and civil cover sheet, shall be filed conventionally. Also, documents seeking emergency relief under LR Civ 9, such as a request for a temporary restraining order, shall be filed conventionally. The case will be assigned and opened electronically by the Clerk's Office, and the documents submitted will be incorporated into the electronic case file.

(2) The Clerk's Office will return by regular mail the signed and sealed summonses to counsel for the plaintiff for service of process. A party may not electronically serve a civil complaint, but shall effect service in accordance with Fed.R.Civ.P. 4.

(3) Miscellaneous case opening documents shall be filed conventionally along with the prescribed filing fee.

**(b) Other Documents**

(1) The following documents **must be conventionally filed and will not appear in the electronic case file**:

(A) Motions to file documents under seal and documents filed under seal (See LR Gen 102);

(B) Administrative records in social security cases, IDEA cases and in other administrative review proceedings;

(C) The state court record and other Rule 5 materials in habeas corpus cases filed in 28 U.S.C. §2254 proceedings;

(D) The state court record in Notice of Removal actions;

(E) *Ex parte* motions and applications;

(F) Attachments larger than 2.5 megabytes; and

(G) Consent to Proceed Before a Magistrate Judge.

(2) The following documents **must be conventionally filed, but will be scanned into the electronic case file by the Clerk's Office**:

(A) All handwritten pleadings;
(B) All pleadings and documents filed by prisoner and non-prisoner pro se litigants;
(C) The charging document in a criminal case, such as the complaint, indictment and information;
(D) Affidavits for search and arrest warrants and related papers;
(E) Fed.R.Crim.P. 20 and Fed.R.Crim.P. 5 papers received from another court;
(F) Any pleading or document in a criminal case containing the signature of a defendant, such as a waiver of indictment or plea agreement;
(G) Petitions for violations of supervised release; and
(H) Appearance Bonds.

(3) The following documents **must be filed in a Scanned PDF format using ECF and may not be filed in an Electronically Converted PDF format**:

(A) Rule 4 executed service of process documents; and
(B) Affidavits in support of motions or objections with original signatures.

(4) **The Judicial Conference Policy on Privacy and Public Access to Electronic Case Files identifies documents which shall not be included in a public case file. FURTHERMORE, NO DOCUMENT THAT WOULD NOT HAVE BEEN FILED PRIOR TO THE IMPLEMENTATION OF ECF SHALL BE FILED USING ECF, UNLESS ORDERED BY THE COURT.**

## 5. ELIGIBILITY, REGISTRATION, PASSWORDS

**(a)** Attorneys admitted to the bar of this Court, including those admitted pro hac vice and attorneys authorized to represent the United States, must register as Filing Users of this Court's ECF system prior to filing any documents electronically. Registration will be on an ECF Registration Form, which can be found on the Court's website at www.rid.uscourts.gov.

**(b)** Once ECF registration is completed, the Filing User will receive notification from the Court of the user login and password. Filing Users agree to protect the security of their passwords and immediately notify the Clerk's Office if they learn that their password has been compromised. Since failure to comply with this provision could cause serious harm to the administration of justice, attorneys are reminded that, as officers of the Court, they are responsible for ensuring full compliance with this provision.

**(c)** ECF registration as a Filing User constitutes consent to electronic service of all documents as provided in these Administrative Procedures and in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure.

**(d)** ECF registration is separate and distinct from the periodic registration requirements and procedures contained in LR Gen. 203 (c) and (d). Even though an attorney is a registered member of the bar in good standing under LR Gen 203, the attorney must register as a Filing User using the ECF Registration Form prior to filing documents electronically.

## 6. CONSEQUENCES OF ELECTRONIC FILING

**(a) Filing Defined.** The electronic filing of a document through ECF consistent with these Administrative Procedures and rules of court, together with the transmission of a Notice of Electronic Filing (NEF) from the Court's ECF system, constitutes filing for all purposes of the Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure and the Local Rules of this Court, and constitutes entry of the document on the docket maintained by the Clerk pursuant to Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 55.

**(b) Confirmation of Court Filing.** A document electronically filed through the Court's ECF transmission facilities shall be deemed filed on the date and time stated on the NEF received from the Court.

**(c) Official Record.** When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed. Therefore, before filing a document with the Court, the Filing User must verify the accuracy and/or legibility of the document.

**(d) Filing Deadlines.** Electronic filing does not alter the filing deadline for that document. All electronic filings must be completed before midnight local time in order to be considered timely filed that day unless a different time is established by court order.

## 7. ENTRY OF COURT-ISSUED DOCUMENTS

**(a)** All orders, decrees and judgments of the Court will be filed electronically, and the minutes of proceedings will be entered electronically, in accordance with these Administrative Procedures, which will constitute entry on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 55. Any order or other court-issued document filed electronically which contains a "/s/" in place of an original signature of a judge or clerk has the same force and effect as if the judge or clerk had signed a paper copy of the order and it had been entered on the docket in a conventional manner.

**(b)** A judge or authorized member of the court staff may issue orders by a text-only entry on the Court's docket and without an attached document. The text-only entry shall constitute the only Court order on the matter and such orders are official and binding. The parties will receive notice of such an order through the NEF.

**(c)** Proposed orders shall not be filed unless requested by the Court. When so requested, the Filing User shall submit a copy of the proposed order to the Clerk's Office by e-mail in word processing format.

## 8. RETENTION REQUIREMENTS

Documents that are Electronically Filed and require original signatures other than that of the Filing User must be maintained in paper form by the Filing User until two years after a final decision has been rendered which disposes of all aspects of the case.

## 9. SIGNATURES

**(a)** The user login and password required to submit documents to the ECF system shall serve as that user's signature for purposes of Fed.R.Civ.P. 11 and for all other purposes under the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules of this Court. All Electronically Filed documents must include a signature block and must set forth the attorney's name, bar registration number, address, telephone number, fax number and e-mail address. The name of the ECF user under whose login and password the document is submitted must be preceded by a "/s/" and typed in the space where the signature would otherwise appear.

**(b)** No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User.

**(c)** The filer of any document requiring more than one signature (e.g., pleadings filed by pro hac vice lawyers, stipulations, joint status reports) must list thereon all the names of other signatories by means of a "/s/" for each. By submitting such a document, the filing attorney certifies that each of the other signatories has expressly agreed to the form and substance of the document and that the filing attorney has their actual authority to submit the document electronically. A signatory or party who disputes the authenticity of an Electronically Filed document containing such "signatures" must file an objection to the document within 10 days of service of the NEF. The filing attorney shall retain any records evidencing this concurrence for future production, if necessary, in accordance with the Retention Requirements stated in these Procedures. See para. 8, Retention Requirements.

## 10. SERVICE OF DOCUMENTS BY ELECTRONIC MEANS

**(a)** Whenever a pleading or other document is filed electronically, the ECF system will automatically generate and send an NEF to the Filing User and registered users of record. The user filing the document should retain a paper or digital copy of the NEF, which shall serve as the Court's date-stamp and proof of filing.

**(b)** Transmission of the NEF shall constitute service of the filed document and shall be deemed to satisfy the requirements of Fed.R.Civ.P. 5(b)(2)(D), Fed.R.Civ.P. 77(d) and Fed.R.Crim.P. 49(b).

**(c)** All documents filed using the ECF system shall include a certificate of service stating that the document has been filed electronically and that it is available for viewing and downloading from the ECF system. The certificate of service must identify the manner in which the service on each party was accomplished.

**(d)** Attorneys and pro se litigants who are not Filing Users must be Conventionally Served with any Electronically Filed documents in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure.

**(e)** Service by electronic means shall be treated the same as service by mail for the purpose of adding three days to the prescribed period to respond.

## 11. NOTICE OF COURT ORDERS AND JUDGMENTS

The electronic transmission to a Filing User of an order or judgment through the Notice of Electronic Filing constitutes notice as required by Fed.R.Civ.P. 77(d) and Fed.R.Crim.P. 49(c). When mailing paper copies of an Electronically Filed order to a party who is not a Filing User, the Clerk's Office will include the NEF.

## 12. TECHNICAL FAILURE; FILING USER SYSTEM FAILURE

**(a) Definition.** A technical failure is deemed to have occurred when the Court's ECF site cannot accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 p.m. (noon) on a given day. Known system outages will be posted on the Court's website, if possible.

**(b) Filing Options.** A Filing User experiencing a technical failure may conventionally file the document or send the PDF document to an email address set up by the Court, if it is accompanied by a declaration attesting to the Filing User's attempts to timely file the document using ECF.

**(c) Relief.** A Filing User whose filing is made untimely as the result of a technical failure of the Court's ECF site may seek appropriate relief from the Court.

**(d) Filing User System Failure.** Problems on the Filing User's end, such as phone line problems, problems with the Filing User's Internet Service Provider (ISP), or hardware or software problems, will not constitute a technical failure under these Procedures nor excuse an untimely filing. However, the Filing User may conventionally file the document or send the PDF document to an email address set up by the Court, if it is accompanied by a declaration attesting to the Filing User's attempts to timely file the document using ECF.

## 13. CORRECTING DOCKET ENTRIES

Once a document is submitted and becomes part of the case docket, corrections to the docket are made only by the Clerk's Office. The CM/ECF system will not permit a Filing User to make changes to the document(s) or docket entry filed in error once the transaction has been accepted. The Filing User must notify the Clerk's Office immediately upon learning of an error in the Electronic Filing or docketing of a document.

## 14. PUBLIC ACCESS TO ELECTRONIC DOCKETS AND FILES

The public may use a PACER login and password at the Court's Internet site (www.rid.uscourts.gov) to obtain remote electronic access to the electronic docket and documents that have been electronically filed. A user fee for accessing court information through PACER will be assessed in accordance with 28 U.S.C. §1914. If remote access is not available, the public may also obtain at the Clerk's Office during regular business hours electronic access to the electronic docket and documents that have been electronically filed. If a printed copy is requested, a copy fee for an electronic reproduction will be assessed in accordance with 28 U.S.C. §1914.