UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Misc. 7673

ORDER

Re: Electronic Availability and Redaction of Transcripts of Court Proceedings

The Court adopts the attached "Policy and Procedures Concerning the Electronic Availability and Redaction of Transcripts of Court Proceedings." Effective May 15, 2008, all transcripts shall be filed electronically, and counsel of record (and unrepresented parties) shall be required to redact any personal identifiers in accordance with this Policy, Federal Rule of Civil Procedure 5.2, and Federal Rule of Criminal Procedure 49.1.

IT IS SO ORDERED,

Mary M. Lisi
Chief Judge

William E. Smith
U.S. District Judge

Ronald R. Lagueux
Senior U.S. District Judge

Ernest C. Torres
Senior U.S. District Judge

May 9 , 2008

United States District Court
for the District of Rhode Island

# Policy and Procedures Concerning the Electronic Availability and Redaction of Transcripts of Court Proceedings

Effective May 15, 2008, the District of Rhode Island, in accordance with Judicial Conference Policy and amendments to Federal Rule of Civil Procedure 5.2 and Federal Rule of Criminal Procedure 49.1, will implement the following policy[1] regarding official court transcripts:

1. Transcripts will be e-filed by the court reporter or transcriber through CM/ECF, and they will be available at the Clerk's Office, for viewing only, for a period of 90 calendar days after filing.

2. Once a transcript is filed, counsel of record (and unrepresented parties) must review the transcript and request redaction of any personal identifiers listed in the Federal Rules. Unless otherwise ordered by the court, the following portions of the transcript must be reviewed:

   (a) opening and closing statements made on the party's behalf;
   (b) statements of the party;
   (c) the testimony of any witnesses called by the party;
   (d) sentencing proceedings (both the government and the defendant must review the transcript); and
   (e) any other portion of the transcript as ordered by the court.

3. During the 90-day period, a copy of the transcript - in paper or electronic form - may be obtained from the court reporter or transcriber at the rate established by the Judicial Conference. The transcript will be available, for viewing only, at the public terminal at the Courthouse and remotely electronically available to any attorney of record who has purchased a copy from the court reporter.

4. If a redaction is requested, the court reporter or transcriber must perform the requested redactions and e-file a redacted version of the transcript.

5. After the 90-day period has ended, the transcript will be available remotely to view, download or print through PACER, and to view and print at the Clerk's Office.

---

[1]This policy only applies to transcripts of proceedings before this Court. Transcripts of depositions taken outside the Court or of proceedings of state courts or other jurisdictions are not covered by this policy, but the redaction requirements contained in the Federal Rules will apply if those documents are ever filed with this Court.

To implement the above policy, the following procedures will govern the availability and redaction of electronic transcripts filed with the Court.

**Redaction Request**

If a redaction is requested, a document entitled, "Redaction Request," must be e-filed within 21 calendar days, or longer if the Court so orders, from the filing of the original transcript, indicating where the personal identifiers appear in the transcript by page and line and how they are to be redacted.

This procedure is limited to the redaction of the following personal data identifiers:

- social security numbers to the last four digits;
- financial account numbers to the last four digits;
- dates of birth to the year;
- names of minor children to the initials; and
- home addresses to the city and state (applicable in criminal cases only).

If a Redaction Request or a Motion to Extend Time is not timely filed, no redactions will be made, and the original transcript will be remotely publicly available after 90 days.

**Requests for Additional Redactions**

If a party wishes to request further redactions in addition to those personal identifiers listed above, a separate Motion for Redaction of Transcript must be filed within 21 calendar days from the filing of the original transcript. Until the Court has ruled on any such motion, the transcript will not be electronically available, even if the 90-day restriction period has ended.

**CJA Panel Attorneys**

An attorney who is serving as appointed "standby" counsel for a pro se litigant must review the transcript as if the pro se party were his/her client. If an attorney represents a client pursuant to the Criminal Justice Act (CJA), including serving as standby counsel, the attorney conducting the review of the transcript is entitled to compensation under the CJA for functions reasonably performed to fulfill this obligation and for reimbursement of related reasonable expenses.

**Filing of Redacted Transcripts**

If a Redaction Request is filed, the court reporter or transcriber must perform the requested redactions and file a redacted version of the transcript within 31 calendar days, or longer if the Court so orders, from the filing of the original transcript. Unless the Court orders the original unredacted electronic transcript to be sealed, it will be retained by the Clerk and will be available, for viewing only, at the public terminal at the Courthouse and remotely electronically available to any attorney of record who has purchased a copy from the court reporter.

**Remote Public Access to Transcripts**

If a redacted transcript is filed with the Court, the redacted transcript will be remotely electronically available to the public through PACER after 90 calendar days from the date of filing of the original transcript. (While remote access to the original unredacted transcript will remain restricted, both the original transcript and the redacted transcript will be available for viewing at the Clerk's Office unless the Court orders the original transcript to be sealed.) If a redacted transcript is not filed with the Court, the original transcript will be remotely electronically available to the public through PACER after 90 calendar days.

**PACER Fees**

Once the restriction on viewing the transcript remotely has been lifted, the user will incur PACER charges each time the transcript is accessed. This applies even if the user purchased the transcript from the court reporter and obtained remote access during the 90-day period. There is no "free look" for transcripts, and charges will not be capped at 30 pages as they are for other court documents (they accrue for the entire transcript).

Finally, the responsibility for redacting personal identifiers rests solely with counsel and the parties. Neither the Clerk of Court nor the court reporter or transcriber will review transcripts for compliance with this policy, and nothing in this policy creates a private right of action.